## S. H. GREENE & SONS v. FREUND.

(Circuit Court of Appeals, Second Circuit. January 30, 1907.)

No. 72.

1. PRINCIPAL AND AGENT—COMMISSIONS OF AGENT—CONSTRUCTION OF CONTRACT OF AGENCY.

Plaintiff made a contract with defendant for an indefinite term to act as its agent in procuring orders for the bleaching, printing, and dyeing of cotton goods in which business defendant was engaged. The contract provided that plaintiff should receive a commission, to be paid each month on all the work secured by him and completed by defendant during the preceding month. His manner of doing business was to interview a prospective customer, and, if favorable, to later prepare and send him a writing, called a "price memo" which was in the form of a letter, setting forth all the conditions of a contract, and was in effect an offer which, if accepted, became a contract, binding the customer to send to defendant at least a minimum quantity of work to be done at prices therein specified. *Held*, that on plaintiff's discharge from his agency he was entitled to recover from defendant commissions, not only on the work previously done, but also on all work called for by contracts so secured by him by the acceptance of his offers by customers, either formally or by sending orders thereunder for any part of the work called for.

[Ed. Note—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 217.]

2. PLEADING—VARIANCE—AMENDMENT AFTER VERDICT.

Where a plaintiff set out in his complaint two causes of action—one for damages for breach of contract on which he was held not entitled to recover, and one for commissions earned under the contract, which he was held entitled to recover, but erroneously included a part of such commissions in his claim for damages—it was not error to permit him to amend after verdict to conform to the proofs by transferring such item to the other cause of action.

[Ed. Note—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 605, 667.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of defendant in error, who was plaintiff below. The judgment was entered upon the verdict of a jury for $7,612.

See 139 Fed. 703.

L. H. Freedman, H. C. Curtis, and Joline, Larkin & Rathbone, for plaintiff in error.

T. L. Frothingham, Hiram R. Steele, and Steele, Defriese & Frothingham, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The firm of Greene & Co., the predecessor of defendant, which was engaged in the business of bleaching and printing cotton goods, made a contract with the plaintiff under which the latter agreed to act as agent of said firm, for the purpose of soliciting and obtaining orders for the bleaching, dyeing, and print-

ing of cotton goods, and the firm agreed to pay him certain commissions upon all orders obtained for them. Settlements under this agreement were to be made at the end of each month, and to cover all commissions falling due during the month. Subsequently the business of the firm was transferred to the defendant which assumed the firm's obligations thereunder. The plaintiff entered upon the discharge of his duties, and procured orders for the firm and for defendant, being paid each month the commissions calculated upon work completed during that month for customers obtained by him. This continued for about five years, until on August 22, 1904, defendant terminated the contract, and discharged plaintiff from his employment.

The plaintiff contended that the contract was a continuing one, which the defendant had no right to terminate so long as plaintiff faithfully fulfilled the obligations which the contract imposed upon him. He sued, therefore, to recover, first, the commissions due at the time of his discharge on work done by the defendant for customers during the month of July; and, second, damages for the breach of the contract by defendant. The court ruled that the contract was not a continuing one, that either party might terminate it at will, and that there could be no recovery in damages for a breach. Inasmuch as plaintiff has not appealed, the correctness of this ruling is not disputed. The court further held that plaintiff was entitled to commissions on all the work which he actually secured for defendant, whether such work was actually done by defendant before or after his discharge; that he was entitled to show that, at the time of his discharge, there were any printing orders pending, on account of which payment would be made to the defendant upon which the plaintiff was entitled to commissions. We do not understand that the propriety of this ruling is questioned; but the defendant contends that there was no evidence upon which the jury could have found that the plaintiff was entitled to $7,612 for commissions, or any sum in excess of about $500, which it is conceded was the amount of the commissions falling due in July before discharge. Proper motions and exceptions reserved this point, which is the one principally relied upon on this appeal.

The course of business was as follows: Plaintiff was informed by defendant as to what work it was prepared to do, how many yards it would expect to handle, how many varieties of patterns it would print, what lowest prices it would charge, how it would put up and send the goods, etc. He then visited the different concerns whose orders he hoped to get, told them what the defendant would do, what price it would charge (sometimes a price in excess of the minimum as given to him), and solicited them to become customers of the defendant for some definite amount of goods to be printed or for some minimum amount with right to increase to some maximum. Having found a concern, which indicated its willingness to become a customer, he then prepared what is called in the testimony a "price memo." This was a letter addressed to the prospective customer, upon paper with the letter head of plaintiff "agent for Bleachers, Dyers, Printers & Finishers." It gave the name of defendant as the principal who was to do the work of printing, etc. It stated the quantity, which the

"price memo" or order was to cover, in some such phraseology as this: "For 5,000 pcs. (say 250,000 yds.) at least, special, in not over 20 patterns, and not less than 250 pcs. in one order or pattern." It named the width of goods to be printed and finished, stated the various prices for patterns (they varied with the number of colors to be printed with extra charges for "blotches"), and gave details as to seconds, remnants, putting up, freight, terms of payment, etc. It set forth all the conditions necessary to a contract for printing and finishing a minimum amount of goods. This "price memo" was signed by plaintiff, and sent to the expected customer and a copy was at the same time furnished to the defendant. When this was done plaintiff had completed the work he undertook to do, but had not yet earned anything because he had not yet secured a contract for his principal. The situation at this stage was as follows: The defendant, through its agent, had made an offer to the expected customer to do certain printing and finishing on certain terms; such offer, not being limited in time, stood open until accepted, at least for a reasonable time. Before it was accepted, defendant might withdraw the offer, and no contract would be effected; but, if the offer were accepted before such withdrawal, defendant would become bound to perform the offered contract according to its terms. The receipt of the "price memo" by the expected customer did not bind him to anything. It was merely the renewal in a formal writing of the offer which the agent had already tentatively made. If the expected customer did not choose to accept such offer, no contract would result. It was not necessary even for him to decline. But if, before withdrawal, he did accept the offer, the customer thereby entered into a contract which bound him to send in for printing (and pay for) the least number of yards specified at the least price named, while he had the privilege of dividing his order among different patterns at different prices and of increasing the quantity. His acceptance might come in the shape of a written letter, formally reciting the offer, and declaring that he accepted the same with all its terms and conditions; but it would be equally effective if he merely sent in the goods to be printed under it. And we are clearly of the opinion that if, without making a counter proposition as to quantity, etc., he sent on any goods to be printed under any particular one of these "price memos" he thereby bound himself to send in enough other goods to make up the minimum quantity specified in the memo.

The plaintiff testified, after examination of his books and memoranda, to certain orders or "price memos" which had been placed by him, but which were unfilled at the time of his discharge. He gave a list of the concerns with whom they were placed, consisting of 15 names. Subsequently defendant's witness, Greene, who had general management of its plant, and was familiar with its business, examined such list, and testified, as to two of the concerns mentioned in plaintiff's list, that no business had been done with those concerns under orders placed by the plaintiff. As to the others, he testified that "all of these people have ordered work under the contracts forwarded by the plaintiff." The various price memos were put in evidence, and it was a mere matter of calculation to determine what was the least quan-

tity at the least price which defendant was entitled to receive for printing from these concerns. Having accepted the offers by ordering under them, the customers had entered into binding contracts with the defendants for, at least, the minimum amount, and the plaintiff was entitled to commissions upon the amount of work thus secured for defendant by his exertions. The amounts thus calculated were sufficient to warrant a verdict for the sum found by the jury.

As was stated before, plaintiff set out two causes of action in his complaint—one for commissions earned by him, the other for damages for breach of contract. In this second cause of action he set forth specifically that he had obtained orders for defendant which had not been filled at the time of his discharge, the commissions on which would amount to at least $10,800, and asked for damages generally for the breach in the sum of $50,000. This item of $10,800 was not logically a part of the damages for breach of contract, but was a part of the compensation earned by the plaintiff, and coming to him under the terms of the contract. After the verdict, the court allowed plaintiff to amend his complaint to conform to the proofs by transferring this item of $10,800 from the second to the first cause of action. Defendant contends that this was improper, and an abuse of discretion. We are of the opinion that the allowance of the amendment was entirely proper, and in furtherance of justice. Sundry exceptions to testimony are relied upon, but they need not be discussed, because, under the interpretation we have put upon the price memo, and subsequent action by the customer, the testimony objected to was legitimately introduced.

The judgment is affirmed.